IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) CRIMINAL NO. 15-0194-WS |
| | ) |
| BRANDON KEITH ROSE, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

The defendant has filed a motion for compassionate release, based on his fear of contracting COVID-19. (Doc. 28).

In January 2016, the Court sentenced the defendant to 120 months imprisonment. (Doc. 26). The Bureau of Prisons ("BOP") website identifies his anticipated release date as December 27, 2022, a date with which the defendant agrees. (Doc. 28 at 2).

Section 3582(c)(1) permits a defendant to file a motion for compassionate release, but only after either exhausting all administrative remedies following BOP's failure to bring such a motion on his behalf, or after 30 days from the warden's receipt of the defendant's request for such relief. It appears that the defendant has complied with this requirement. (Doc. 28 at 6-7).

A necessary predicate to relief under Section 3582(c)(1)(A) is a judicial finding that "extraordinary and compelling reasons" warrant a reduction in sentence; a second is that any reduction be consistent with policy statements of the Sentencing Commission ("the Commission"). The statute does not define the quoted phrase, but the Commission's policy statement does. U.S.S.G. 1B1.13. This policy statement was issued pursuant to the Commission's statutory obligation to "promulgate … general policy statements regarding … the appropriate use of … the sentence modification provisions set forth in sectio[n] … 3582(c) of title 18 …",[1] in which policy statement the Commission is required to "describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples."[2] The Commission's policy statement thus establishes

---

[1] 28 U.S.C. § 994(a)(2)(C).

[2] 28 U.S.C. § 994(t).

the boundaries of what may and may not be judicially determined to be extraordinary and compelling reasons for a sentence reduction.  Fear of contracting COVID-19 is not among them.

Even could COVID-19 in some circumstances provide grounds for relief under Section 3582(c)(1)(A), the defendant has not made a colorable showing that it would do so in his case.  The defendant is only 36 years old and, as of sentencing, pronounced himself "healthy."  (Doc. 22 at 2, 9).  The defendant stresses that he was diagnosed with hypertension last fall, "which place[s] him in the Covid-19 high risk category."  (Doc. 28 at 1).  In fact, the CDC's website states only that persons with hypertension "might be at an increased risk for severe illness" from COVID-19.  In any event, the defendant is housed at FPC Montgomery, where the BOP website identifies only two active inmate cases out of over 400 inmates.  The defendant therefore has not demonstrated a significant risk of contracting the virus in the first place.

For the reasons set forth above, the defendant's motion for compassionate release is **denied**.  Because the defendant has not presented a close case, his embedded motion for appointment of counsel, (Doc. 28 at 1), is also **denied**.

DONE and ORDERED this 20th day of August, 2020.

s/WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE